**Marc RAMIREZ, Appellant**

v.

**Michael V. PUGH, Warden, LSCI–Allenwood; Attorney General of the United States; Dr. Kathleen Hawk, Director of the Bureau of Prisons.**

**No. 07–2594.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 3, 2008.

Filed: April 8, 2008.

Marc Ramirez, White Deer, PA, pro se.

August E. Flentje, United States Department of Justice Civil Division, Appellate Staff, Washington, DC, Kate L. Mershimer, Office of United States Attorney, Harrisburg, PA, for Michael V. Pugh, Warden, LSCI–Allenwood; Attorney General of the United States; Dr. Kathleen Hawk, Director of the Bureau of Prisons.

Before: SCIRICA, Chief Judge, HARDIMAN and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Marc Ramirez, a former federal prisoner proceeding *pro se*, appeals an order of the United States District Court for the Middle District of Pennsylvania granting summary judgment in favor of prison officials in his civil rights action. We will dismiss this appeal because it is moot.

Ramirez filed a complaint challenging the constitutionality of the Ensign Amendment, codified at 28 U.S.C. § 530C(b)(6), and related prison regulations. The Ensign Amendment prohibits the Bureau of Prisons from using federal funds to distribute or make available to a prisoner any commercially published information or material that is sexually explicit or features nudity. *Id.* Ramirez alleged that magazines sent to him in prison were returned to the sender because they were sexually explicit or featured nudity.

Following discovery, Ramirez and the prison defendants filed cross-motions for summary judgment. The District Court denied Ramirez's motion and granted summary judgment for the defendants. The District Court upheld the constitutionality of the statute and regulations, finding that the restrictions were rationally related to the legitimate penological interests of rehabilitation and security and met the reasonableness requirements of *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). This appeal followed.[1]

We must first address the prison defendants' motion to dismiss Ramirez's appeal as moot due to his release from prison while his appeal was pending. A federal court has neither the power to render advisory opinions nor to decide questions that can not affect the rights of litigants in the case before them. *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975); *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir.2003) (per curiam). An inmate's transfer or release from the facility complained of generally moots equitable and declaratory claims. *Sutton*, 323 F.3d at 248. Such claims are not mooted when a challenged action is (1) too short in duration to be fully litigated before its cessation or expiration; and (2) there is a reasonable likelihood that the same complaining party would be subject to the same action again. *Id.*

The record reflects that Ramirez, through counsel, withdrew his damages claim in District Court and sought only declaratory and injunctive relief. The prison defendants have established that Ramirez's prison term ended on December 26, 2007, and that he was released from custody on that date. There is no indication that he is reasonably likely to be in the Bureau of Prisons' custody again. Because a ruling by this Court on the constitutionality of the Ensign Amendment will

---

1. In an earlier appeal in this case, we reversed the District Court's decision dismissing the complaint, and remanded the case so that the parties could develop a factual record. *Ramirez v. Pugh*, 379 F.3d 122 (3d Cir.2004).

have no effect on Ramirez, his claims are no longer justiciable. *See Preiser,* 422 U.S. at 402, 95 S.Ct. 2330 (holding case was moot where a prisoner who challenged the constitutionality of his transfer to a maximum security facility was transferred back to a minimum security facility); *Sutton,* 323 F.3d at 249 (holding equitable and declaratory claims were moot where prisoners who challenged a policy on access to religious materials were no longer confined at the facility).

Accordingly, we will grant the prison defendants' motion to dismiss this appeal as moot.